**Donald R. JENKINS,**
**Plaintiff–Appellant,**

**v.**

**Glenn M. WEATHERHOLTZ; William G. O'Brien, Defendants–Appellees.**

**No. 89–1809.**

United States Court of Appeals,
Fourth Circuit.

Argued April 5, 1990.

Decided July 23, 1990.

Daniel Jay Neher, Harrisonburg, Va., for plaintiff-appellant.

J. Ross Newell, III, Timberlake, Smith, Thomas & Moses, Staunton, Virginia, for defendants-appellees.

Before ERVIN, Chief Judge, PHILLIPS, Circuit Judge, and GARBIS, United States District Judge for the District of Maryland, sitting by designation.

PHILLIPS, Circuit Judge:

Donald R. Jenkins, a former deputy sheriff in Rockingham County, Virginia, brought this action against the sheriff and county administrator after he was dismissed from the sheriff's department. Jenkins alleged that he was deprived of a property interest in continued employment without due process of law. The district court ruled that Jenkins did not have a protectible property interest in continued employment and granted the defendants' motion for summary judgment. We affirm.

I

Jenkins was a deputy with the Rockingham County Sheriff's Department for fourteen years until he was dismissed in August 1987.[1] He received no formal written notice of reasons for his dismissal and no hearing was held. Jenkins sought to grieve his dismissal pursuant to Rockingham County's Personnel Rules and Regulations ("Employees Handbook"), which provided specific grievance procedures for county employees.[2] As required by Va. Code Ann. § 15.1–7.1 (1989), the county's

grievance procedure was patterned after the procedure applicable to state employees under Va.Code Ann. § 2.1–114.5:1.[3] The Employees Handbook appeared to give sheriff's deputies the option of utilizing either the grievance procedures detailed in the Handbook or the statutory procedures provided for other law enforcement officers.[4] When Jenkins attempted to invoke the grievance procedures, Sheriff Glenn Weatherholtz responded that the grievance procedures in the Employees Handbook and § 2.1–114.5:1 were inapplicable to deputy sheriffs. Similarly, Rockingham County Administrator William O'Brien confirmed that the procedures in Va.Code Ann. § 2.1–114.5:1 were inapplicable and that the "Law–Enforcement Officers' Procedural Guarantees" in Va.Code Ann. §§ 2.1–116.1 to –116.9 were inapplicable.[5]

Jenkins filed this action alleging a 42 U.S.C. § 1983 claim for deprivation of constitutional due process rights along with pendent state law claims for breach of employment contract and implied covenant of good faith and fair dealing. He alleged that Sheriff Weatherholtz had adopted the Employees Handbook and thus created a legitimate expectation among his employees that their employment would be subject to its terms. The defendants answered, asserting that the complaint failed to state a claim for deprivation of a protectible interest. The defendants then moved for

---

1. Jenkins was apparently given the option of accepting reassignment within the sheriff's department. When he refused to accept reassignment, he was terminated.

2. See Va.Code Ann. § 15.1–7.1 (1989) ("Notwithstanding any other provision of law to the contrary, the governing body of every county, city and town which has more than fifteen employees shall have a grievance procedure for its employees that affords an immediate and fair method for the resolution of disputes which may arise between the public employer and its employees. . . .").

3. "Every grievance procedure shall conform to like procedures established pursuant to § 2.1–114.5:1. . . ." Va.Code Ann. § 15.1–7.1 (1989).

4. "The procedures and regulations contained in this section shall be made available to all non-

exempt County employees. Law enforcement personnel employed by the Sheriff of Rockingham County–City of Harrisonburg shall have the option of using either this procedure or the Law Enforcement Officer's Procedure as defined under Chapter 10.1 of Title 2.1 of the Code of Virginia, as amended. Once the election is made by the law enforcement officer to use a procedure, he may not elect to use the other option." See Employees Handbook, § 11.1(a) (Nov. 14, 1986), Joint Appendix (J.A.) at 26.

5. Virginia's "Policeman's Bill of Rights," see United States v. Gregory, 582 F.Supp. 1319, 1321 (W.D.Va.1984), vacated and remanded on other grounds, No. 84–1613 (4th Cir. Oct. 1, 1985), provides certain procedural guarantees to law enforcement officers in Chapter 10.1 of Title 2.1 of the Code. Sheriff's department employees are specifically excepted from the scope of the protections. See Va.Code Ann. § 2.1–116.1(1)(b) (1987).

summary judgment, arguing simply that as a matter of law, a deputy sheriff like Jenkins had no constitutionally protectible property interest in continued employment.[6] After a hearing, the district court granted the defendants' motion. 719 F.Supp. 468 (W.D.Va.1989). The court followed established district court precedent in this circuit in holding that a Virginia deputy sheriff does not have a constitutionally protectible property interest in continued employment.

This appeal followed. Jenkins concedes that the law of Virginia does not itself vest in him a legitimate expectation of continued employment as a deputy sheriff. But he contends that Sheriff Weatherholtz's adoption of the Employees Handbook gave rise to a constitutionally protectible interest. And he further contends that the Virginia Supreme Court in *Angle v. Overton,* 235 Va. 103, 365 S.E.2d 758 (1988), acknowledged limitations on the discretion of county sheriffs consistent with the recognition of such an interest. After reviewing the relevant statutory provisions and case law, we address each of these contentions.

## II

### A

■ In Virginia, a sheriff is an independent constitutional officer whose duties and authority are defined by statute. Va. Const. art. VII, § 4; *see Hilton v. Amburgey,* 198 Va. 727, 96 S.E.2d 151, 152 (1957); *see also Whited v. Fields,* 581 F.Supp. 1444, 1453 (W.D.Va.1984). State law makes clear that sheriff's deputies are at will employees serving at the discretion of their sheriffs. The Virginia Code makes deputies employees of the sheriff, not employees of the local governing body, and provides that they "may be removed from office by [their] principal," the sheriff. *See* Va.Code Ann. § 15.1–48 (1989).

■ The principles generally applicable when a discharged state or local government employee claims deprivation of a pro-

tectible property interest in continued employment are well established. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). Property interests in continued employment are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.* at 577, 92 S.Ct. at 2709. To support such a claim to benefits and therefore create a protected property interest, state law rules and understandings must provide a "sufficient expectancy of continued employment." *See Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). A local government employee serving "at the will and pleasure" of the government employer has no legitimate expectancy of continued employment and thus has no protectible property interest. *See id.* at 345 & n. 8, 96 S.Ct. at 2078 & n. 8.

■ District courts in this circuit have consistently held that sheriff's deputies in Virginia do not have a protectible property interest in continued employment because state law makes them at will employees serving at the discretion of their sheriffs. Because deputy sheriffs in Virginia have no protectible property interests as a matter of state law, they are not entitled to any federal due process protection. *See Pierson v. Gondles,* 693 F.Supp. 408, 415 (E.D.Va.1988); *United States v. Gregory,* 582 F.Supp. 1319, 1321 (W.D.Va.1984), *vacated and remanded on other grounds,* No. 84–1613 (4th Cir. Oct. 1, 1985); *Whited v. Fields,* 581 F.Supp. at 1453; *Hutto v. Waters,* 552 F.Supp. 266, 269 (E.D.Va. 1982); *Sherman v. City of Richmond,* 543 F.Supp. 447, 449–50 (E.D.Va.1982); *Hopkins v. Dolinger,* 453 F.Supp. 59, 63 (W.D.

---

**6.** The defendants chose not to dispute the factual question of the applicability of the Employees

Handbook to Jenkins.

Va.1978). The deputy sheriff in *Hutto* in fact alleged that procedural rules and regulations adopted by the local sheriff's department gave rise to an expectancy of continued employment.[7] The court held, however, that the sheriff's department's policies and procedures were "insufficient to negate the fact that a deputy sheriff holds his position at the will of the sheriff and can be dismissed without any constitutionally mandated procedural protections." 552 F.Supp. at 269–70.[8]

## B

Jenkins mounts a two-pronged argument against this case law. He alleges, and the defendants have chosen not to dispute the fact,[9] that Sheriff Weatherholtz did adopt the Employees Handbook and made its provisions applicable to his deputies. He argues that the Employees Handbook creates a legitimate claim to entitlement, at least to the extent that it provides guarantees against arbitrary adverse employment action. *See Himmelbrand v. Harrison,* 484 F.Supp. 803, 808 (W.D.Va. 1980). In support, he relies on *Detweiler v. Virginia Dep't of Rehabilitative Servs.,* 705 F.2d 557 (4th Cir.1983). In *Detweiler,* this court held that nonprobationary Virginia state employees have a protectible property interest in continued employment based on Va.Code Ann. § 2.1–114.5:1 and the rules promulgated pursuant to it. Jenkins contends that the grievance procedures in the Employees Handbook, which

are patterned after the procedures in § 2.1–114.5:1, similarly create a sufficient expectancy of continued employment to give Rockingham County deputy sheriffs a protectible property interest.[10]

Jenkins also contends that the Virginia Supreme Court's decision in *Angle v. Overton,* 235 Va. 103, 365 S.E.2d 758 (1988), demonstrates that a sheriff's authority to take adverse employment action against a deputy is not unfettered. In the *Angle* case, Franklin County, Virginia, had adopted an ordinance, pursuant to Va.Code Ann. § 15.1–7.1, implementing grievance procedures that, like the procedures in the Employees Handbook, were modeled on the state procedures in § 2.1–114.5:1. Angle grieved his demotion by the Franklin County Sheriff, and a hearing panel authorized under the statute and county procedure to render a "final and binding" decision concluded that Angle should be reinstated at his former rank. The sheriff did not reinstate Angle; Angle then petitioned for a mandamus writ to compel the sheriff to implement the panel's decision. The supreme court reversed the state trial court and held that the panel's decision was "binding" on the sheriff. The language used by the panel was mandatory, and the court reasoned that if the sheriff were free to accept or reject the panel's decision, then the statutory mandate that the panel's decision be binding would be rendered impotent. 365 S.E.2d at 759–60.

**7.** The Portsmouth, Virginia Sheriff's Department procedures apparently called for written notice of the reasons for disciplinary action, a hearing before a disciplinary board prior to dismissal, and the opportunity for a hearing before a grievance panel subsequent to termination. *See Hutto,* 552 F.Supp. at 268–69 & n. 6.

**8.** The plaintiffs in *Pierson v. Gondles* alleged as part of their fourteenth amendment due process claim that the sheriff/defendant failed to follow the procedures in the "Sheriff's Department Policy and Procedures Manual." 693 F.Supp. at 415. The court, however, did not discuss the procedures in holding that deputies in Virginia lack a constitutionally protectible interest.

**9.** In their memorandum to the district court in support of the motion for summary judgment, the defendants state that they do not "concede"

that Jenkins was entitled to the grievance procedures as alleged in his complaint. In their brief on appeal, the defendants argued that this court need not reach the factual issue of the applicability of the Employees Handbook.

**10.** Specifically, Jenkins notes that the Employees Handbook requires written notice of dismissal and a statement of reasons for the action, distinguishes between grievable disciplinary discharges and non-grievable discharges for reduction in force, lack of work, or job abolition, lists specific examples of unsatisfactory work performance for which disciplinary action may be taken, and establishes a four-step grievance procedure ultimately providing for a hearing before an impartial three-member panel. Section 2.1–114.5:1 similarly distinguishes grievable and non-grievable discharges and provides a comparable four-step grievance procedure.

Here, as in *Angle*, the Employees Handbook provides for submission of a grievance to an impartial hearing panel with the authority to render a "final and binding" decision as the ultimate step in the grievance process. *See* Employees Handbook, § 11.1(e), J.A. at 30 ("Step IV"). According to Jenkins, *Angle* undercuts facile reliance on a deputy's statutory at will employment status to find no protectible property interest where a sheriff adopts grievance procedures consistent with the procedures in § 2.1–114.5:1.

### III

In reviewing the district court's grant of summary judgment, we apply the same standard as the trial court. *See Helm v. Western Md. Ry.*, 838 F.2d 729, 734 (4th Cir.1988). We agree with the district court that there was no genuine issue as to any material fact and the defendants were entitled to a judgment as a matter of law on Jenkins' § 1983 claim. *See* Fed.R.Civ.P. 56(c). As a deputy sheriff in Virginia, Jenkins lacked a protectible property interest in continued employment.

Under Va.Code Ann. § 15.1–48 (1989), a deputy is an employee of the sheriff and can be removed from office at the discretion of the sheriff. In the posture of this case, however, we must accept Jenkins' assertion that Sheriff Weatherholtz adopted the Employees Handbook, which contained grievance procedures modeled on the procedures outlined in § 2.1–114.5:1.

The *Detweiler* court's ruling that § 2.1–114.5:1 created a constitutionally protectible property interest in continued employment, nevertheless, does not alter Jenkins' status as a statutory at will employee. In *Detweiler*, we reasoned that

[t]he *statute's* [§ 2.1–114.5:1] distinction between probationary and nonprobationary employees, its distinction between disciplinary discharges and discharges for reduction in work force, the *Standards'* specifications of the breaches of discipline for which an employee may be discharged, and the authority conferred on an impartial panel to reverse the agency's decision and to order reinstatement with back pay establish that a nonprobationary employee has a property interest in continued employment that is created by the state.

705 F.2d at 560 (emphasis added). Jenkins relies exclusively on Sheriff Weatherholtz's adoption of the Employees Handbook, not a statutory mandate like that in § 2.1–114.5:1.[11] Sheriff Weatherholtz's adoption of the Employees Handbook could not compromise the statutory authority in § 15.1–48 to remove deputies like Jenkins at his discretion.

*Angle v. Overton* does not require a different conclusion. In *Angle*, the supreme court found error in the trial court's determination that the grievance hearing panel's decision was merely a "recommendation" and therefore was not binding on the sheriff/defendant.[12] The court focused on the

---

**11.** *See* Appellant's Br. at 1–2 ("Mr. Jenkins relies upon the provisions of the Rockingham County Employees Handbook and Sheriff Weatherholtz' adoption of those provisions to establish a property interest in his employment with the Rockingham County Sheriff's Department."). Jenkins has not argued that § 2.1–114.5:1 itself, at the time of his dismissal, required the availability of a grievance procedure. *See* Va.Code Ann. § 2.1–114.5:1(C) (1987) ("Notwithstanding the provisions of § 2.1–116(1), *constitutional officers' employees* shall have access to the state grievance procedure; however, these employees may be accepted in a local governing body's grievance procedure at the discretion of the governing body of the county, city or town....") (emphasis added). Consequently, we decline to address the applicability of this section to Jenkins' case. We note, however, that the statute was amended in 1989 to specify that constitu-

tional officers' employees "shall not be required to be covered by a grievance procedure; however, these employees may be accepted in a local governing body's grievance procedure if agreed to by both the constitutional officer and the local governing body."). Va.Code Ann. § 2.1–114.5:1(C)(2)(c) (1989); *see also* Va.Code Ann. § 15.1–7.2(C) (1989) ("Local governing bodies shall have authority to accept employees of ... constitutional officers ... into their grievance procedure.).

**12.** The court in *Angle* does not address the question of the availability of the grievance procedures to Deputy Angle. The court simply notes that, in accordance with Va.Code Ann. § 15.1–7 and § 2.1–114.5:1, a county ordinance established grievance procedures and Angle filed a grievance that was eventually heard by a three-member panel. 365 S.E.2d at 758–59.

language of the hearing panel's decision and found that the panel had used "mandatory, not discretionary language." 365 S.E.2d at 760. Read in the light of the statutory command in § 2.1–114.5:1(D)(4) that the panel's decision be "binding," the court did not hesitate to require implementation of the hearing panel's decision to reinstate the deputy to his former rank.[13]

The *Angle* court did not address the constitutional question that is the single relevant issue in this case. In holding that a sheriff is bound once his deputy proceeds through the grievance process to the "final and binding" step of a hearing panel determination, the court did not rely on any expectation of continued employment that might be sufficient to create a protectible property interest.[14] Rather, the court held that the panel's decision, once rendered, was enforceable against the sheriff. Enforcing the panel's decision in this context did not imply a property interest in continued employment.

## IV

 Jenkins' federal claim under 42 U.S.C. § 1983 was properly dismissed upon the district court's ruling that he lacked a constitutionally protectible property interest. The court, however, dismissed Jenkins' entire case when it granted the defendants' motion for summary judgment. In their respective summary judgment memoranda filed with the district court, the parties joined issue on the question whether the district court should retain jurisdiction over Jenkins' pendent state law claims, but the court did not address that question in either its memorandum opinion or its judg-

ment order. Jenkins' § 1983 claim was substantial enough as pleaded to invoke federal jurisdiction to inquire into its merits. That federal jurisdiction was sufficient to support pendent jurisdiction over Jenkins' state law claims even if his federal claim was, properly, dismissed. *See Ridenour v. Andrews Fed. Credit Union,* 897 F.2d 715, 719, 722 (4th Cir.1990); *see also* 13B C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3564 (1984). Because we are unable, in the absence of a ruling from the district court, to effectively review the court's disposition of Jenkins' pendent state claims, we think it appropriate to remand those claims to the district court for the discretionary determination whether the claims should be dismissed without prejudice or retained for decision under pendent jurisdiction. *See UMW v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *see also Fisher v. Washington Metro. Area Transit Auth.,* 690 F.2d 1133, 1144 (4th Cir.1982).[15]

## V

We affirm the district court's grant of summary judgment in favor of the defendants on Jenkins' § 1983 claim and the subsequent dismissal of that claim. We remand Jenkins' state law claims for the district court to determine whether to dismiss those claims without prejudice or to retain them in the exercise of pendent jurisdiction.

SO ORDERED.

---

**13.** In this case, Jenkins was dismissed, not demoted. Given our disposition, we need not determine whether different considerations are relevant when a sheriff dismisses, rather than merely demotes, a deputy.

**14.** One obvious alternative rationale for the *Angle* court's decision is estoppel. *See, e.g., Employers Commercial Union Ins. Co. v. Great Am. Ins. Co.,* 214 Va. 410, 200 S.E.2d 560 (1973); *Thrasher v. Thrasher,* 210 Va. 624, 172 S.E.2d 771 (1970); *Covington Virginian v. Woods,* 182 Va. 538, 29 S.E.2d 406 (1944); *cf. Richard L. Deal & Assoc. v. Commonwealth,* 224 Va. 618,

299 S.E.2d 346 (1983) (state not estopped to deny arbitration ruling where state agents had no authority to agree to arbitration of claim).

**15.** In remanding Jenkins' state law claims, we of course express no opinion on the merits of those claims. We also express no opinion on the issue whether any unusual circumstances exist, such as statute of limitations problems, that might militate in favor of retention of pendent jurisdiction and override the usual approach that where federal claims are dismissed before trial, any pendent state claims should be dismissed as well.