An appropriate order shall issue.

**Joyce A. JAMES, Plaintiff,**

v.

**D.A. POWELL, etc., and J.A. Daniel Smith, etc., Defendants.**

**Civ. A. No. 91–13–N.**

United States District Court,
E.D. Virginia,
Norfolk Division.

June 14, 1991.

Beverly Diane Crawford, El–Amin & Crawford, P.C., Richmond, Va., for plaintiff.

Pamela Finley Boston, Office of the Atty. Gen., Richmond, Va., for defendants.

## ORDER

CLARKE, District Judge.

Plaintiff, a clerk-typist in the Virginia Beach General District Court, has brought this suit pursuant to 42 U.S.C. § 1983, to redress alleged violations of her constitutional rights. Defendants have filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and an Objection to Discovery and Motion for Protective Order. Briefs have been filed by both parties, and the defendants' Motions are therefore ripe for consideration.

Before addressing these Motions, however, the Court must clarify the status of this action with respect to defendant Powell, as there appears to be a discrepancy in the record regarding whether Ms. Powell is still a defendant in this case.

Plaintiff filed her original complaint on January 8, 1991, which named only D.A. Powell as a defendant. On January 25, 1991, plaintiff filed an amended complaint with the Court, which named only J.A. Daniel Smith as a defendant, although alleging the same facts and involvement of D.A. Powell. On March 7, 1991, the plaintiff filed a Notice of Dismissal as to defendant D.A. Powell pursuant to Federal Rule of Civil Procedure 41(a)(1), and the dismissal was duly noted by the Clerk on the docket sheet. Rule 41(a)(1) provides that an action may be dismissed by the plaintiff

without order of court, by filing a notice of dismissal at any time before service by the adverse party of an answer or motion for summary judgment. Thus, defendant Powell was properly dismissed by the Clerk as no response had yet been filed by defendants.[1] *See* F.R.Civ.P. 41(a)(1), 28 U.S.C.A.

After the dismissal of defendant Powell on March 7, however, plaintiff subsequently served both defendants Powell and Smith with the amended complaint on March 18, as shown by the returns of service filed with the Court on April 8, 1991. Both defendants then responded by jointly filing defendants' Motion for Dismissal. In plaintiff's brief in response to defendants' Motion, however, plaintiff again names only J.A. Daniel Smith as a defendant.

Although it is not clear why plaintiff did not serve the amended complaint until almost two months after it was filed with the Court, nor why plaintiff served it on both defendants Powell and Smith, after moving for dismissal of defendant Powell from the action, the Court finds that pursuant to Rule 41(a)(1), defendant Powell was dismissed from this case without prejudice as of March 7, 1991, since plaintiff filed a Notice of Dismissal prior to the filing of an answer by the defendants in this case. Therefore, only defendant Smith is still properly before the Court, and the case shall proceed accordingly.

*Defendants' Motion to Dismiss*

Plaintiff, a black female, alleges in her initial complaint that she has been employed as a clerk-typist grade six in the General District Court of Virginia Beach since 1981, and has been promoted once, as well as receiving merit increases in salary. In June of 1989, plaintiff applied for a grade six and seven position in the criminal division of the Court, which she was denied in favor of another black female, who is married to a state trooper. Plaintiff alleges that her immediate supervisor, D.A. Powell, who is also married to a state trooper, had recommended the promotion of several other individuals less qualified than plaintiff based on the fact that they were either married to or dating state troopers or police officers. It is not clear whether the recommendation of these individuals was for the same position plaintiff was seeking, nor whether the woman actually given the position instead of plaintiff was one of the individuals recommended by plaintiff's supervisor.

In plaintiff's amended complaint, to which defendant Powell is not a party, plaintiff essentially repeats the allegations from the original complaint, but charges defendant Smith with responsibility for the denial of her promotion, based on Smith's responsibility for all personnel decisions for court employees in his capacity as Clerk of the General District Court of Virginia Beach. Plaintiff alleges that the arbitrary denial of her promotion by the defendant violates her substantive due process rights under the Fourteenth Amendment of the United States Constitution.

In appraising the legal sufficiency of the complaint pursuant to defendants' Motion to Dismiss, the Court must follow the well accepted principle that the "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Hudspeth v. Figgins,* 584 F.2d 1345, 1347 (4th Cir.1978). Therefore, the Court must accept as true the allegations of the plaintiff, and decide whether they state a claim under section 1983. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Jenkins v. McKeithen,* 395 U.S. 411, 421–422, 89 S.Ct. 1843, 1848–1849, 23 L.Ed.2d 404 (1969).

■ Section 1983 requires that plaintiff must have suffered a deprivation of a constitutional right by a person acting under color of state law. 42 U.S.C.A. § 1983

---

**1.** The Court notes that the Notice filed with the Court states that "the defendant moves this Court to dismiss this action as to D.A. Powell." Plaintiff's counsel signed the Notice, however, and it was filed pursuant to F.R.Civ.P. 41(a)(1), so the Court will assume the Notice was filed on behalf of plaintiff.

(1981). Plaintiff here specifically alleges that her substantive due process rights under the Fourteenth Amendment to the Constitution were violated by the defendant's denial of her promotion based on an arbitrary and capricious standard. Substantive due process mandates that the requirements of procedural due process apply to a deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. *See Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). Therefore, the Court must initially determine whether the plaintiff has a constitutionally protectible property interest in promotion.

■ Protected property interests in benefits such as continued employment or promotion are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.* at 577, 92 S.Ct. at 2709; *see also Perry v. Sinderman,* 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972). Therefore, to have a property interest in a promotion, plaintiff clearly must have more than an abstract need or desire for it, and more than a unilateral expectation of it. Instead, plaintiff must have a legitimate claim of entitlement to the promotion, created by statute or institutional regulation. *See Board of Regents v. Roth,* 408 U.S. at 577, 92 S.Ct. at 2709. Absent this type of rule-created entitlement, plaintiff cannot have a constitutionally protected property interest in a promotion. *See Clark v. Whiting,* 607 F.2d 634, 641 (4th Cir.1979).

In this case, plaintiff is employed by the state in the General District Court of Virginia Beach, so her interest in employment is defined by Article 4 of the Virginia Code, which covers the employment and duties of judges and personnel of the general district courts. *See* Va.Code Ann. §§ 16.1–69.37 *et seq.* (1988); *see generally Detweiler v. Virginia Dep't of Rehabilitative Services,* 705 F.2d 557 (4th Cir.1983); *Jones v. Kelly,* 347 F.Supp. 1260 (E.D.Va.1972). Specifically,

section 16.1–69.39 governs the appointment of district court personnel, and provides in relevant part that:

All personnel shall be appointed by, serve at the pleasure of, and be subject to removal by the chief judge of the district court in which they serve.... Personnel subject to the provisions of this article shall not be subject to the Virginia Personnel Act.

Va.Code Ann. § 16.1–69.39 (1988). Based on this language, it is clear that Virginia law defines a general district court clerk as an at-will employee serving at the discretion of the general district court chief judge. Plaintiff, therefore, has no legitimate expectancy of continued employment and consequently no property interest in continued employment, much less in promotion. *See, e.g., Jenkins v. Weatherholtz,* 909 F.2d 105, 107 (4th Cir.1990); *Clark v. Whiting,* 607 F.2d at 641–42; *Jones v. Kelly,* 347 F.Supp. 1260 (E.D.Va. 1972).

■ Plaintiff argues, however, that she has a property interest in promotion pursuant to Virginia Code section 2.1–114.5:1, which provides procedural due process protection for failure to promote where "the employee can show established promotional policies were not followed or applied fairly." Va.Code Ann. § 2.1–114.5:1(B)(iv) (1987, 1991 Supp.). This assertion is incorrect, because section 2.1–114.5:1 sets forth the grievance procedure under the Virginia Personnel Act. As noted above, the plaintiff is not subject to the provisions of the Virginia Personnel Act pursuant to the plain language of section 16.1–69.39, and plaintiff's status thereunder as an appointed, at-will employee of the district court. *See* Va.Code Ann. § 16.1–69.39 (1988).

Even if plaintiff were subject to the provisions of the Virginia Personnel Act, section 2.1–114.5:1 does not necessarily create a property interest in promotion, as promotions are not awarded as a matter of right or entitlement under Virginia law, but are based on merit and fitness. *See* Va. Code Ann. § 2.1–111 (1987). Section 2.1–114.5:1 provides only that a plaintiff may file a grievance for failure to promote

where established promotional procedures are not followed or applied unfairly. *See* Va.Code Ann. 2.1–114.5:1 (1987). This does not guarantee or entitle a plaintiff to a promotion, nor create any legitimate expectancy of promotion, such that a property interest in promotion would be created. *See, e.g., Clark v. Whiting,* 607 F.2d at 641–42.

The Court need not decide that issue, however, since the protections in section 2.1–114.5:1 are clearly inapplicable to plaintiff as an at-will employee of the general district court, and plaintiff has failed to cite any statute or institutional regulation which creates an entitlement such that the plaintiff would have a constitutionally protected property interest in a promotion. This absence of a property interest is fatal to her substantive due process claim. Accordingly, the Court finds that plaintiff cannot prove any set of facts which would entitle her to relief under section 1983 for the arbitrary denial of her promotion by defendant, and the complaint is properly dismissed for failure to state a claim upon which relief can be granted.

*Defendant's Objections to Discovery and Motion for Protective Order*

As the Court finds that the complaint states no claim actionable under section 1983 and dismissal is proper, the defendants' Objections to Discovery and Motion for Protective Order is now moot.

*Conclusion*

Based on the foregoing, it is ORDERED that defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) is GRANTED, and the Complaint in this case shall be DISMISSED. It is further ORDERED that defendants' Objections to Discovery and Motion for Protective Order is DENIED as moot.

IT IS SO ORDERED.