**William P. FISHER, Plaintiff,**

**v.**

**ASHEVILLE–BUNCOMBE TECHNICAL COMMUNITY COLLEGE; Ray Bailey, President of Asheville–Buncombe Technical Community College; and Donald Lovelace, Chairman of Electronics Department of Asheville–Buncombe Technical Community College, Defendants.**

**Civ. No. 1:92cv5.**

United States District Court,
W.D. North Carolina,
Asheville Division.

July 16, 1993.

Robert E. Dungan, Asheville, NC, for plaintiff.

Cynthia S. Lopez and Allan P. Root, Roberts, Stevens & Cogburn, Asheville, NC, for defendants.

## MEMORANDUM OF OPINION

RICHARD L. VOORHEES, Chief Judge.

**THIS MATTER** is before the Court on Defendants' Motion for Summary Judgment. After considering the motion, Plaintiff's Memorandum in Opposition to Defendants' motion, and Defendants' Reply Memorandum, the Court will grant the motion.

### I. BACKGROUND

Plaintiff was a professor of Electrical Engineering Technology (EET) at Asheville–Buncombe Technical Community College (AB Tech) from 1971 to April, 1991. Plaintiff worked pursuant to a series of one year contracts during that time. In April, 1991, Defendant Bailey, the President of AB Tech, upon the recommendation of Defendant Lovelace, the Chairman of the EET Department, transferred Plaintiff out of the EET Department, assigning him to the Maintenance Department where he performed manual, unskilled cleaning chores. After giving Plaintiff a new contract for the term of July 1, 1991, through August 1, 1991, Defendants failed to offer Plaintiff any subsequent contracts. Plaintiff then filed this lawsuit, alleging that Defendants violated the Age Discrimination in Employment Act (ADEA) by failing to renew his contract because of his age. Plaintiff further alleges that Defendants violated his Fourteenth Amendment right of due process when they deprived him of his interest in his job and his interest in the pre-deprivation hearing for which AB Tech's internal policy provided.

### II. FACTS

In March, 1990, Defendant Lovelace took over as chair of the EET Department at AB Tech. Soon thereafter, Defendant Lovelace designed a new curriculum for that Department, which de-emphasized some existing teaching concepts, and added new concepts which had not been taught previously. According to Defendants, Plaintiff had trouble with these new responsibilities, and continued to spend time teaching the outmoded curriculum. Defendant Lovelace complained about this to Plaintiff on several occasions.

On March 15, 1991, a day after Defendant Lovelace had again told Plaintiff that he was spending too much time on the old curriculum, Plaintiff angrily confronted Defendant Lovelace and, within earshot of students, challenged Defendant Lovelace to a fistfight. Plaintiff later calmed down and apologized for the incident, but was nonetheless transferred out of the EET Department shortly thereafter.

On May 8, 1991, Defendants informed Plaintiff that he would be rehired for the term of July 1, 1991 to August 1, 1991. Defendants never gave any written notice to Plaintiff, then 61 years old, that he would not be rehired thereafter. On July 17, 1991, Plaintiff, apparently anticipating his termination, requested a hearing pursuant to AB Tech's personnel policy, which allows an instructor to request review of a decision not to offer him or her a new contract upon expiration of the existing one. Defendants never afforded Plaintiff a hearing, and failed to offer him a contract beyond August 1, 1991.

Subsequently, Defendants filled Plaintiff's teaching position with Ronald Anderson, age 36.

The basis of Plaintiff's suit is the allegation that all the above occurred in a context of blatant age bias. Plaintiff refers to Defendant Lovelace's repeated references against Plaintiff particularly and old persons and things generally. Plaintiff alleges that Defendant Lovelace spoke of needing "new blood" in the department because Plaintiff was "outdated," "too old," "behind the times," and "unable to teach at the pace required." In addition, during the March 15, 1991, confrontation, Defendant Lovelace said he wanted to get some "new blood" in the EET Department or that he wanted a younger person in Plaintiff's position. Additional facts will be set out below as they become relevant.

### III. SUMMARY JUDGMENT STANDARD

On a motion for summary judgment, the moving party has the burden to show that there are no genuine issues for trial. Upon the moving party's meeting that burden, the nonmoving party has the burden of persuasion to establish that there is a genuine issue for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial.*" Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial."

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (citations omitted; emphasis in original) (quoting Fed. R.Civ.P. 56). There must be more than just a factual dispute; the fact in question must be material and readily identifiable by the substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). For purposes of Defendants' motions for summary judgment, the underlying facts and contentions have been viewed in a light most favorable to Plaintiff.

### IV. THE AGE DISCRIMINATION CLAIM

#### A. ADEA Framework

■ A plaintiff alleging age discrimination may proceed to prove his or her case either (1) by direct or indirect proof that absent the employer's discriminatory motive, the employee would not have been discharged [or contract non-renewed]; or (2) by taking advantage of the judicially created scheme set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). *Lovelace v. Sherwin–Williams Co.,* 681 F.2d 230, 239 (4th Cir.1982). Plaintiff in this case alleges that he can proceed on a theory of disparate impact, by showing that AB Tech's employment policies have a discriminatory effect on older people. *See Geller v. Markham,* 635 F.2d 1027, 1032–34 (2d Cir.1980), *cert. denied,* 451 U.S. 945, 101 S.Ct. 2028, 68 L.Ed.2d 332 (1981) (allowing age discrimination claim based on disparate income shown by statistical evidence). The Court has some reservations about this theory based on the Fourth Circuit's failure to mention it in its recent ADEA decisions. *Tuck v. Henkel Corp.,* 973 F.2d 371 (4th Cir.1992), *cert. denied,* ─── U.S. ───, 113 S.Ct. 1276, 122 L.Ed.2d 671 (1993); *EEOC v. Clay Printing Co.,* 955 F.2d 936 (4th Cir.1992). Still, it is clear that the ADEA is parallel to Title VII of the Civil Rights Act, and that the disparate impact theory remains viable in those cases. *See generally, Griggs v. Duke Power Co.,* 401 U.S. 424, 429–30, 91 S.Ct. 849, 852–53, 28 L.Ed.2d 158 (1971) (establishing contours of disparate impact claim in Title VII cases). Thus, the Court will address Plaintiff's claim under that theory as well.

#### B. Disparate Treatment—Evidence of Discrimination

■ Plaintiff argues that the "ageist" statements of Defendant Lovelace constitute

direct evidence of actual discrimination. However, those statements show, at most, some animus toward older employees; they are not probative of an intent to fire Plaintiff and replace him with someone younger. *See Young v. General Foods Corp.,* 840 F.2d 825, 829 (11th Cir.1988), *cert. denied,* 488 U.S. 1004, 109 S.Ct. 782, 102 L.Ed.2d 774 (1989) (comments not direct evidence of discrimination where plaintiff inferred discriminatory intent from the comment). This is not to say that comments which derogate the age of older employees are not probative of age discrimination. Rather, those comments are circumstantial evidence of unlawful discrimination. In other words, derogatory comments about someone's age are direct evidence of a bias against older employees. However, such a bias is only unlawful if it is acted upon. Thus, Defendant Lovelace's comments are circumstantial, rather than direct, evidence of unlawful age discrimination.

 Plaintiff may show actual discrimination circumstantially. However, Plaintiff's evidence in this case is not sufficient to withstand summary judgment. Only one of Defendant Lovelace's comments about Plaintiff—when Defendant Lovelace referred to Plaintiff as "too old"—referred to Plaintiff's age. The rest of the comments cited by Plaintiff refer to Plaintiff as "behind the times." The difference is crucial. It is unlawful to fire Plaintiff because of his age. It is not unlawful to require older employees to remain current in their job knowledge, and to fire them for their failure to do so. Thus, those statements regarding Plaintiff's being "outdated" and "not capable to teach at the pace required" are not probative of unlawful age discrimination. Similarly, the statement of John Kremer that he heard Defendant Lovelace "say something to the effect that he wanted to get some 'new blood' in there or that he wanted a younger person in [P]laintiff's position" is not very specific, and thus not highly probative of discrimination.

 Plaintiff also argues that he was performing his job satisfactorily, and the fact that his contract was not renewed is itself circumstantial evidence of discrimination. Plaintiff disputes Defendants' documentary and testimonial evidence that Plaintiff was, in fact, not performing his job satisfactorily. The Court finds that this dispute is, although genuine, not material to this issue. Even if Plaintiff was doing a good job, the fact that his contract was not renewed is not itself sufficient evidence of unlawful discrimination.

 Plaintiff also argues that the fact that Plaintiff was replaced by a younger employee is circumstantial evidence of discrimination. However, a plaintiff must show more than the fact that his work performance was not indefensible and he was replaced by someone younger. The ADEA does not prohibit replacing older employees with more productive younger ones; it only prohibits discrimination on the basis of age. Given the dearth of circumstantial evidence with which Plaintiff's replacement by a younger man might be combined (even considering Plaintiff's work history in the light most favorable to Plaintiff), the Court finds that the circumstantial evidence of discrimination which Plaintiff has produced is insufficient to withstand Defendants' motion for summary judgment. Plaintiff has not shown a genuine issue of material fact as to whether Defendants actually discriminated against him because of his age. Thus, the Court will grant Defendants' motion for summary judgment on this issue.

**C. Disparate Treatment—*McDonnell Douglas/Burdine* Framework**[1]

 Recognizing that evidence of unlawful discrimination is often hard to come by, the Supreme Court has set up a framework of proof by which plaintiffs may raise an inference of discrimination without having to produce such evidence. *McDonnell Douglas Corp., supra; Texas Dep't of Community Affairs v. Burdin, supra.* Under this scheme, Plaintiff must establish a *prima fa-*

---

1. The Court recognizes that the Supreme Court has recently changed this analysis. *St. Mary's Honor Center v. Hicks,* —— U.S. ——, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). However, because the new framework requires plaintiffs to

prove unlawful discrimination at the third (pretext) stage of analysis, the Court has already found that Plaintiff has not carried that burden sufficient to withstand summary judgment. *See* Discussion, *supra* at IV.B.

*cie* case of discrimination by showing that: (1) he is a member of a protected class; (2) his contract was not renewed; (3) at the time of non-renewal, he was performing at a satisfactory level, meeting his employer's legitimate expectations; and (4) following the non-renewal, Plaintiff was replaced by a person outside the protected class. The Court finds that Plaintiff has established (1), (2), and (4), and has established a genuine issue of material fact as to (3).[2]

Once Plaintiff establishes a *prima facie* case, Defendants then have the burden of articulating a "legitimate, nondiscriminatory reason for the employee's rejection." *Burdine,* 450 U.S. at 252–53, 101 S.Ct. at 1093 (quoting *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824). In this case, Defendants have asserted that Plaintiff was not renewed because he failed to teach current concepts and because he was insubordinate in provoking a loud and violent confrontation with Defendant Lovelace in the presence of students.[3] Once Defendants have articulated the nondiscriminatory reason for Plaintiff's non-renewal, Plaintiff must prove that Defendants' articulated reasons are "unworthy of credence." *Id.* 450 U.S. at 256, 101 S.Ct. at 1095.[4]

Even assessing the evidence of Plaintiff's job performance in the light most favorable to him, Plaintiff has not established a genuine issue of material fact as to whether Defendants reasons for not renewing Plaintiff were the true reasons. While the merits of Plaintiff's job performance in general are arguable, the specific complaints in his personnel file are not. Plaintiff admits that Defendant Lovelace had spoken to him on many occasions regarding Plaintiff's insistence on teaching outmoded material and his failure to teach the current concepts embodied in the revamped curriculum. In addition,

the confrontation between Lovelace and Fisher may not, in Plaintiff's opinion, be sufficient reason to fire him, but it is undisputed that the confrontation was provoked by Plaintiff and had nothing to do with Plaintiff's age. The ADEA does not mandate that employees may only be fired for a good reason; it only mandates that employees may not be fired based on their age. Plaintiff has not shown a genuine issue of material fact as to whether Defendants' given reasons for firing him were not believable.[5] Thus, the Court will grant Defendants' motion for summary judgment on this issue.

### D. Disparate Treatment

Plaintiff has produced some statistics which he asserts show that Defendants' policies produce a disparate impact on older employees. The Court finds that these statistics are derived from too small a sample to establish a claim in disparate treatment. In addition, the Court finds that Plaintiff has eliminated from his sample those full-time instructors who also serve as department chairs, many of whom are older employees. Finally, the Court does not foreclose the possibility that Plaintiff could state a claim based wholly on statistical evidence. However, the statistical evidence produced here is simply too speculative to be probative of anything except that Plaintiff's counsel is proficient at mathematics. *See Albemarle Paper Co. v. Moody,* 422 U.S. 405, 433 n. 32, 95 S.Ct. 2362, 2379 n. 32, 45 L.Ed.2d 280 (1975) (statistical evidence not probative where prepared by interested party and not validated by expert statistician). Thus, the Court will grant Defendants' motion for summary judgment on this issue.

### V. THE DUE PROCESS CLAIM

The Fourteenth Amendment is only implicated if Plaintiff can show that he had a

---

**2.** As discussed *supra,* a genuine issue of material fact as to whether Plaintiff was performing his job satisfactorily does *not,* by itself, create a genuine issue of material fact as to whether Defendants were guilty of unlawful age discrimination.

**3.** Plaintiff argues that because Defendants did not raise these issues in their answer, Defendants have waived the defense of just cause. However, cause for non-renewal is not an affirmative de-

fense; indeed, non-renewal by itself is not a tort. Defendants need only deny discrimination in the answer and, as here, may articulate their legitimate, nondiscriminatory reason later in the proceedings.

**4.** *See* n. 1, *supra.*

**5.** *See* n. 1, *supra.*

property interest in the renewal of his contract. *Linton v. Frederick County Bd. of County Comm'rs*, 964 F.2d 1436, 1439 (4th Cir.1992); *Jenkins v. Weatherholtz*, 909 F.2d 105, 107 (4th Cir.1990). To determine whether Plaintiff had such a property interest, the Court looks to "existing rules or understandings that stem from an independent source such as state law." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). The fact that one year contracts are generally renewed is not enough to support a finding of a property interest. *Sabet v. Eastern Virginia Medical Auth.*, 775 F.2d 1266, 1270 (4th Cir. 1985). Nor is the fact that a personnel manual provides a right to a hearing enough to support such a finding. *Jenkins*, 909 F.2d at 109.

Here, Plaintiff argues that there is a question of fact as to whether AB Tech has a system of tenure which affords instructors an expectation of renewal. Plaintiff argues that instructors become vested in the State's retirement and pension plans, and that Plaintiff was aware of an informal tenure system. The Court finds this issue neither genuine nor material. Plaintiff alleges that "high level administrators" discussed his tenure rights at meetings, but specified no meetings or administrators. In addition, even accepting all Plaintiff's other evidence of an informal tenure system as true, the Court finds that Plaintiff's one year contracts were clear in their ending date, and that they gave Plaintiff no legitimate expectation of renewal. Thus, the Court will grant Defendants' motion for summary judgment on this issue.

## VI. THE PENDENT STATE CLAIMS

There being no independent diversity grounds, the Court will dismiss Plaintiff's state claims for wrongful discharge and breach of contract.

## VII. ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED,** and this case will be dismissed by way of Judgment filed contemporaneously herewith.