51 F.3d 266
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gary Patrick HUNTER, Plaintiff-Appellant,
v.
CITY OF LYNCHBURG; James J. Angel; Michael Douchette;
Richard Taylor; Paul Lamont Adams; Dewitt
Rickards, Defendants-Appellees.
 No. 94-6117.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 14, 1995.
Decided: April 11, 1995.
 
 Gary Patrick Hunter, Appellant Pro Se. George Harrison Gilliam, Kimberley Ann Whittle, GILLIAM, SCOTT & KRONER, P.C., Charlottesville, CA; James Wilson Jennings, Jr., WOODS, ROGERS & HAZLEGROVE, Roanoke, VA; Randy Virline Cargill, Roanoke, VA; Janice Marie Sigler, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, VA, for Appellees.
 Before HALL, WILKINS, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Gary Patrick Hunter appeals the district court's order granting summary judgment in favor of the Defendants in this civil rights action and dismissing his pendent state law claims. He also assigns error to the district court's orders denying him leave to amend his complaint, granting leave to Defendant Taylor to amend his response, and dismissing the City of Lynchburg as a defendant. Because we find this appeal without merit, we affirm the orders of the district court.
 
 
 2
 After the district court addressed on the merits Hunter's claims of a racially motivated conspiracy on the part of Defendants to convict him of the robbery of a Virginia ABC store, the Supreme Court of the United States addressed the propriety of challenging criminal convictions through civil tort actions in Heck v. Humphrey, 62 U.S.L.W. 4594 (U.S.1994). The Supreme Court held that civil tort actions, such as the one Hunter pursues here, are not "appropriate vehicles" for challenges to outstanding criminal judgments. Pursuant to that rule, we find that the district court did not err in granting summary judgment for the individual Defendants* and dismissing the City of Lynchburg.
 
 
 3
 The district court, having no remaining federal jurisdictional basis to adjudicate the state law claims, appropriately declined to consider them. 28 U.S.C.A. Sec. 1367(c) (West 1993); United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). Because Hunter should be given the opportunity to present his state law claims in state court, Jenkins v. Weatherholtz, 909 F.2d 105, 110 (4th Cir.1990), and pursuant to our authority under 28 U.S.C. Sec. 2106 (1988), we modify the district court's order to reflect that the dismissal of those claims was without prejudice. We find no abuse of discretion in the magistrate judge's orders allowing Defendant Taylor to amend his response and denying Hunter leave to amend his complaint. Medigen, Inc. v. Public Serv. Comm'n, 985 F.2d 164, 167-68 (4th Cir.1993).
 
 
 4
 Accordingly, the district court's orders dismissing the City of Lynchburg, and the magistrate judge's orders are hereby affirmed. The order granting summary judgment to the individual Defendants and dismissing the state law claims is affirmed as modified. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED AS MODIFIED..
 
 
 
 *
 We also note that Hunter's conclusory allegations of racial animus would not be sufficient to support his claims of discrimination under the civil rights statutes. Simpson v. Welch, 900 F.2d 33, 35 (4th Cir.1990); Collinson v. Gott, 895 F.2d 994, 1002 (4th Cir.1990) (Phillips, J., concurring)