**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BRIAN COOKE,
Plaintiff-Appellant,

v.

NATIONAL TIRE WHOLESALE,

No. 95-2530

INCORPORATED; STEVE THEIL,
Assistant Manager; DENNIS FOSTICK,
Assistant Regional Manager,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-93-2736-AW)

Submitted: April 16, 1996

Decided: May 22, 1996

Before HALL, ERVIN, and MICHAEL, Circuit Judges.

_____

Affirmed as modified by unpublished per curiam opinion.

_____

**COUNSEL**

Erroll D. Brown, Kirk A. Wilder, Landover, Maryland, for Appellant.
David B. Stratton, Dwight D. Murray, William Nooter, JORDAN,
COYNE & SAVITS, Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The Appellant, Brian Cooke, appeals the district court's order granting the Defendant summary judgment in a Title VII discrimination suit. Cooke contends that the district court erred in granting summary judgment to the Defendant, National Tire Wholesale, and abused its discretion in denying Cooke's motion to amend his complaint and limiting Cooke's damages after Cooke failed to comply with the court's order to specify damages sought. Cooke's claims are without merit.

Summary judgment is appropriate only when there is no genuine issue of material fact that could lead a trier of fact to find for the non-moving party.[1] "In determining whether to grant summary judgment, all justifiable inferences must be drawn in favor of the non-movant."[2] This court reviews de novo a district court's grant of summary judgment.[3] The district court properly granted summary judgment against Cooke because he offered no evidence in opposition to the motion for summary judgment. To raise a genuine issue of material fact, Cooke may not rest upon the mere allegations or denials of his pleadings.[4] Rather, he must present evidence supporting his position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." [5] Specific material evidenti-

_____

[1] **Anderson v. Liberty Lobby, Inc.** , 477 U.S. 242, 247-48 (1986); Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir. 1990) (in banc), cert. denied, 498 U.S. 1109 (1991).
[2] **Miltier v. Beorn**, 896 F.2d 848, 852 (4th Cir. 1990) (citing Anderson, 477 U.S. at 255).
[3] **Shaw v. Stroud**, 13 F.3d 791, 798 (4th Cir. 1994), cert. denied, 63 U.S.L.W. 3257 (U.S. 1994) (No. 94-9).
[4] Fed. R. Civ. P. 56(e).
[5] **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).

2

ary facts, not unsupported speculation, must be shown to overcome summary judgment.**6** Because the district court properly granted summary judgment on the claims over which it had original jurisdiction, the court also properly declined to exercise supplemental jurisdiction over Cooke's state tort claims.**7** However, the order striking the case from the active docket of the district court does not specify whether the dismissal of the pendent state law claims was with prejudice. The district court should have dismissed the claims without prejudice to Cooke's opportunity to bring them in state court. **8**

The rulings of the district court challenged by Cooke's remaining claims had no effect on the entry of summary judgment. Those claims are therefore now moot. We find no error in these rulings but even if this court did, it would not change the conclusion that summary judgment was appropriate.

Accordingly, we affirm the judgment of the district court but modify the final order to reflect that the state court claims are dismissed without prejudice. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AS MODIFIED

_____

**6 Ash v. United Parcel Serv., Inc.** , 800 F.2d 409, 411-12 (4th Cir. 1986).
**7** 28 U.S.C.A. § 1367(c)(3) (West 1993); United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966).
**8 Jenkins v. Weatherholtz**, 909 F.2d 105, 110 (4th Cir. 1990) (citing United Mine Workers, 383 U.S. at 726).